UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Case No. 10-cr-00382-WYD

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. MIGUEL SALAIS-DOMINGUEZ,
2. MIGUEL ANGEL CORTEZ,
3. ABELARDO CARMONA-GARCIA, JR., a/k/a "Papitas,"
4. ABRAHAM ANCHONDO-RAMIREZ,
5. OMAR DARIO CORRAL-AGUILERA,
6. JOHN APODACA,
7. PAUL MONTOYA,

 Defendants.

**ORDER**

This matter came before the Court on August 30, 2010, on a status conference and hearing on the Unopposed Motion for Ends of Justice Continuance filed August 11, 2010 by Defendant Abelardo Carmona-Garcia. I first address the motion for continuance. Defendant Carmona-Garcia seeks a 120 day ends of justice continuance of the speedy trial deadlines and a 120 day extension of time to file motions in this matter. All parties indicated on the record that they did not oppose this motion.

Turning to my analysis, generally, the Speedy Trial Act requires a federal criminal trial to begin within seventy days from the filing of an information or indictment, or from the date of the defendant's initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). The Tenth Circuit recently held that "[t]he Act serves two distinct

interests: (1) to protect a defendant's right to a speedy indictment and trial, and (2) to serve the public interest in ensuring prompt criminal prosecutions." *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). The Tenth Circuit further stated that "[i]n balancing these two often-competing interests, the Act provides a detailed scheme under which a number of specified intervals are excluded from the seventy-day computation, thus tolling the speedy trial calendar. See 18 U.S.C. § 3161(h)." *Id.*

The *Williams* Court went on to say that the Act "permits a district court to grant a continuance and to exclude the resulting interlude if it finds, on the record, that the ends of justice served by granting the continuance outweigh the interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7). This provision affords a trial court substantial discretion to accommodate periods of delay to address the specific needs of a particular case. *Id.* at 1048-49. However, the *Williams* Court cautioned that "ends-of-justice continuances should not be granted cavalierly." *Id.*

Having carefully reviewed the motion, I find that the request for an ends of justice continuance in this case should be granted pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(i) and (iv). I find that the failure to grant a continuance in this case would deny Defendant and his counsel the reasonable time necessary for effective trial preparation, taking into account the exercise of due diligence pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv) and/or would result in a miscarriage of justice pursuant to § 3161(h)(7)(B)(i). The motion indicates that there is a large volume of discovery, including wire documents with pen registers, GPS tracking records and various applications and supporting documentation regarding applications for wiretaps for four

different telephone lines.  Discovery produced so far is about 1,400 pages with an additional 8,000 pages that is forthcoming containing the transcripts of intercepted telephone calls.  Defendant asserts that it will take a significant period of time in which to review and digest the discovery making an ends of justice continuance necessary and that he needs additional time to prepare the case for motions and trial.

Based on the above, I find that the ends of justice served by a 120 day exclusion of time from the speedy trial deadlines outweigh the best interest of the public and the Defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(i) and (iv). Defendant's Unopposed Motion for Ends of Justice Continuance is thus granted as to the request for a continuance of the speedy trial deadlines.  The request in the motion for a 120 day extension of the motions deadline is, however, denied without prejudice. Instead, the parties are directed to review the discovery, meet and confer and then file a proposed case management order by Friday, October 29, 2010, setting forth deadlines for the filing of motions (both evidentiary and nonevidentiary), responses to the motions and, if applicable, replies.

In conclusion, it is

ORDERED that Defendant Carmona-Garcia's Unopposed Motion for Ends of Justice Continuance (ECF No. 55 filed August 11, 2010) is **GRANTED** pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(i) and (iv).  In accordance therewith, **one hundred twenty (120) days** are excluded from the speedy trial deadlines.  It is

FURTHER ORDERED that the 10-day jury trial set to commence Monday, September 27, 2010, at 9:00 a.m. and the hearing/final trial preparation conference set Monday, September 27, 2010, at 1:00 p.m. are **VACATED**. Finally, it is

ORDERED that the request in the Unopposed Motion for Ends of Justice Continuance for a 120 extension of time to file motions is **DENIED WITHOUT PREJUDICE**. Instead, on or before **Friday, October 29, 2010** (60 days from the date of the status conference), the parties shall file a proposed case management order with deadlines for motions (nonevidentiary and evidentiary), responses and, if applicable, replies.

Dated this 7th day of September, 2010.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL
CHIEF UNITED STATES DISTRICT JUDGE